UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH


(FILED ELECTRONICALLY)


CIVIL ACTION NO. __5:20-cv-115-TBR_____

UNITED STATES OF AMERICA                                                    PLAINTIFF


vs.


CANDANCE M. ROSE,                                                    DEFENDANTS
as heir of JANIS SUE HARRIS
224 Locust Grove Road
Murray, KY 42071

BRIAN K. ROSE,
spouse of CANDANCE M. ROSE
224 Locust Grove Road
Murray, KY 42071

TERRY JASON HARRIS
also known as TERRY HARRIS,
as heir of JANIS SUE HARRIS
8125 Cairo Road, Unit OLD
West Paducah, KY  42086

MELINDA ELLEN HARRIS,
spouse of TERRY JASON HARRIS
8125 Cairo Road, Unit OLD
West Paducah, KY  42086

ANY UNKNOWN SPOUSE
OF JANIS SUE HARRIS
Serve: Warning Order Attorney

ANY UNKNOWN HEIRS AND SPOUSES
OF HEIRS OF JANIS SUE HARRIS
Serve: Warning Order Attorney


**COMPLAINT FOR FORECLOSURE**

Plaintiff, the United States of America, states as follows:

1.      This is a mortgage foreclosure action brought by the United States of America on behalf of its agency, the United States Department of Agriculture Rural Housing Service also known as Rural Development and at one time known as the Farmers Home Administration (hereinafter collectively "RHS"). Given that the original borrower has passed away, the object of this suit is merely to see that the property securing the loan is sold and that proceeds are used to reduce the debt balance. The United States is naming heirs as defendants in accordance with Kentucky property law and to provide them notice of the foreclosure, but not to make individuals liable for the borrower's personal debt.

2.      Jurisdiction arises under 28 U.S.C. § 1345. Venue is proper in this judicial division, where the subject property is located.

3.      The United States of America, through RHS, is the holder of a promissory note ("the Note") executed for value on November 23, 1988 by Janis Sue Harris as Borrower and her father Alvin L. Hager, Sr. as co-signor, both now deceased and not defendants herein. The principal amount of the Note was $40,300.00, bearing interest at the rate of 9.75 percent per annum, and payable in monthly installments as specified in the Note. A copy of the Note is attached as **Exhibit A** and incorporated by reference as if set forth fully herein.

4.      The Note is secured by a Real Estate Mortgage (the "Mortgage") recorded on November 23, 1988, in Mortgage Book 442, Page 735, in the Office of the Clerk of McCracken County, Kentucky. Through the Mortgage, Janis Sue Harris, unmarried, granted the United States through RHS a first mortgage lien against the real property including all improvements, fixtures and appurtenances thereto at 8065 Old Cairo Road, West Paducah, McCracken County, Kentucky (the "Property"). A copy of the Mortgage is attached as **Exhibit B** and incorporated by reference as if set forth fully herein. The Property is described in more detail as follows:

> A 1.004 acre tract, 292 feet in length and 150 feet wide and more fully described in a plat filed in Plat Book J; page 957 in the Office of the McCracken County Court Clerk.
>
> Being the same property conveyed to Janis Sue Harris, a single person, by deed dated September 29, 1988, of record in Deed Book 718, at Page 795, in the Office of the McCracken County Court Clerk.

5.      To receive subsidies on the loan, Janis Sue Harris signed a Subsidy Repayment Agreement authorizing RHS to recapture, upon transfer of title or non-occupancy of the Property, any subsidies granted to her by RHS. A copy of the Subsidy Repayment Agreement is attached as **Exhibit C** and incorporated by reference as if set forth fully herein.

6.      On or about January 23, 1997, Janis Sue Harris, for value, executed and delivered to RHS a Reamortization Agreement which changed the terms of the original Note. Specifically, the unpaid principal and the unpaid interest were combined for a new principal amount of $36,750.83, and the monthly payment amount was modified. A copy of the Reamortization Agreement is attached as **Exhibit D** and incorporated by reference as if set forth fully herein

7.      Janis Sue Harris has failed to make required payments when due and thus the Note and Mortgage are in default.

8.      RHS has, in accordance with the loan documents, accelerated the loan and declared the entire principal balance, together with all accrued and unpaid interest and all other sums due under the loan documents, to be due and payable. Further, RHS sent notice the default, acceleration of the loan, intent to proceed with foreclosure, and opportunity for administrative review.

9.      In accordance with the loan documents, the United States on behalf of RHS is entitled to enforce the Mortgage through this foreclosure action and to have the Property sold to pay all amounts due, together with the costs and expenses of this action.

10.     The unpaid principal balance on the Note is $9,215.75 with accrued interest of $753.29 through January 7, 2020, with a total subsidy granted of $47,586.00, and fees assessed of $3,951.09, for a total unpaid balance of $61,506.13 as of January 7, 2020. Interest is accruing on the unpaid principal balance at the rate of $3.4731 per day after January 7, 2020.

11.     The Property is indivisible and cannot be divided without materially impairing its value and the value of RHS's lien thereon.

12.     Alvin L. Hager, Sr. died on November 18, 2018. Though he signed as a co-signor on the Note, he had no interest in the Property.

13.     Janis Sue Harris died on February 24, 2019.

14.     Upon information and belief, Janis Sue Harris died intestate. Plaintiff made a search of probate records in Kentucky and found no evidence that an estate has been filed in the name of Janis Sue Harris. Upon Ms. Harris' death intestate, all of her right, title and interest in the Property vested in her heirs at law.

15.     The United States names **Candance M. Rose**, daughter and statutory heir of Janis Sue Harris, as a Defendant to allow this Defendant to assert whatever right, title or claim she may have in or to the Property or to the proceeds from the sale thereof, or be forever barred. This Defendant's interest, if any, is inferior to the rights of the United States.

16.     The United States names **Brian K. Rose**, as spouse of Candance M. Rose, as a Defendant to allow this Defendant to assert whatever right, title or claim he may have in or to the Property or to the proceeds from the sale thereof, or be forever barred. This Defendant's interest, if any, is inferior to the rights of the United States.

17.     The United States names **Terry Jason Harris, also known as Jason Harris**, son and statutory heir of Janis Sue Harris, as a Defendant to allow this Defendant to assert whatever

4

right, title or claim he may have in or to the Property or to the proceeds from the sale thereof, or be forever barred. This Defendant's interest, if any, is inferior to the rights of the United States.

18. The United States names **Melinda Ellen Harris**, as spouse of Terry Jason Harris, as a Defendant to allow this Defendant to assert whatever right, title or claim she may have in or to the Property or to the proceeds from the sale thereof, or be forever barred. This Defendant's interest, if any, is inferior to the rights of the United States.

19. The United States names **Any Unknown Spouse of Janis Sue Harris** as a Defendant to allow this Defendant to assert whatever right, title or claim he may have in or to the Property or to the proceeds from the sale thereof, or be forever barred. This Defendant's interest, if any, is inferior to the rights of the United States.

20. The United States names **Any Unknown Heirs and Spouses of Heirs of Janis Sue Harris** as a Defendant to allow this Defendant to assert whatever right, title or claim they may have in or to the Property or to the proceeds from the sale thereof, or be forever barred. This Defendant's interest, if any, is inferior to the rights of the United States.

21. There are no other persons or entities purporting to have an interest in the Property known to the Plaintiff.

WHEREFORE, Plaintiff, the United States of America, on behalf of RHS, demands:

a. *In rem* judgment against the interests of the Defendants in the Property, in that as of January 7, 2020, RHS is owed the principal amount of $9,215.75, plus $753.29 in interest, $47,586.00 for reimbursement of interest credits, and fees assessed of $3,951.09, for a total unpaid balance due of $61,506.13, with interest accruing at the daily rate of $3.4731 from January 7, 2020, until the date of entry of judgment, and interest thereafter according to law, plus any additional costs, disbursements and expenses advanced by the United States;

5

b.      That the United States be adjudged a lien on the Property, prior and superior to any and all other liens, claims, interests and demands, except liens for unpaid real estate ad valorem taxes;

c.      That the United States' lien be enforced and the Property be sold in accordance with 28 U.S.C. §§ 2001-2003 subject to easements, restrictions and stipulations of record, but free and clear of all other liens and encumbrances except liens for any unpaid ad valorem real property taxes;

d.      That the proceeds from the sale be applied first to the costs of this action, second to any ad valorem real property taxes, if any, third to the satisfaction of the debt, interest, costs and fees due the United States, with the balance remaining to be distributed to the parties as their liens or interests may appear;

e.      That the Property be adjudged indivisible and be sold as a whole; and

f.      That the United States receive any and all other lawful relief to which it may be entitled.

UNITED STATES OF AMERICA

RUSSELL M. COLEMAN
United States Attorney


s/ William F. Campbell
William F. Campbell
Katherine A. Bell
Assistant United States Attorneys
717 West Broadway
Louisville, Kentucky 40202
Phone: 502/582-5911
Fax:   502/625-7110
bill.campbell@usdoj.gov
Katherine.bell@usdoj.gov

6

07/23/98   15:12   ☎1 502 554 5702      USDA PADUCAH KY      ☑002

Form FmHA 440-16
(Rev. 11-10-75)

**UNITED STATES DEPARTMENT OF AGRICULTURE**
**FARMERS HOME ADMINISTRATION**

| KIND OF LOAN |
|---|
| Type: RH |
| Pursuant to: |
| ☐ Consolidated Farm and Rural Development Act. |
| ☒ Title V of the Housing Act 1949. |

**PROMISSORY NOTE**

*REAMORTIZED — NOT PAID*

| STATE |
|---|
| KENTUCKY |
| COUNTY |
| MCCRACKEN |
| CASE NO. |

Date   NOVEMBER 23 , 19 88

**FOR VALUE RECEIVED**, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration.

United States Department of Agriculture, (herein called the "Government") at its office in _____

____ LACENTER, KENTUCKY _____

**THE PRINCIPAL SUM OF** __ FORTY-THOUSAND THREE HUNDRED AND NO/100 ____

**DOLLARS (**$ 40,300.00 _____ **), plus INTEREST** on the **UNPAID PRINCIPAL** of

____ NINE AND THREE FOURTHS **PERCENT (** 09.7500 %) **PER ANNUM.**

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of four alternatives as indicated below: (check one)

☐ 1.   Principal and Interest payments shall be deferred. The first installment shall be all accrued interest and shall be due

on _____ ____, 19 ___. Payment of Principal and later accrued Interest shall be in _____

installments as indicated in the box below;

☒ II.   Principal and Interest payments shall be deferred. The interest accrued to _ December 23 _____ , 19 88

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in ___ 395 ____ regular amortized installments on the dates as indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $ 40,318.91 _____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ III.   Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____ , 19 ___, through _____ , 19 ___.

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☐ IV.   Payments shall not be deferred. Principal and Interest shall be paid in _____ installments as indicated in the box below:

| | |
|---|---|
| $ 342.00 _____ | on ___ January 23 _____ , 19 89 , and |
| $ 342.00 _____ | thereafter on the ___ 23rd _____ of each month |

until the **PRINCIPAL** and **INTEREST** are fully paid except that the **FINAL INSTALLMENT** of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and **PAYABLE** __ thirty-three __ ( ___ 33 ___) from the **DATE** of this **NOTE**. The consideration herefor shall support any agreement modifying the foregoing of payments.

**GOVERNMENT EXHIBIT A**

07/23/98   15:12   ☎1 502 554 5702     USDA PADUCAH KY                    ☒003

If the total amount of the loan requested by Borrower and approved by the Government is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested for a purpose authorized by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Every payment made on any indebtedness evidenced by this note shall be applied first to interest computed to the effective date of the payment and then to principal.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the installments last to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.

Borrower agrees that the Government at any time may assign this note and insure the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

Borrower hereby certifies that he is unable to obtain sufficient credit elsewhere to finance his actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased, assigned, sold, transferred or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower (a) will personally operate such property as a farm with his own and his family's labor if this is an FO loan, or (b) will personally occupy and use such property if this is an RH loan on a "nonfarm tract" or a section 504 RH loan.

**REFINANCING AGREEMENT**: If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

**DEFAULT:** Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act or Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "KIND OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

07/23/98   15:13   ☎1 502 554 5702   USDA PADUCAH KY _____   _____   ☑004

Presentment, protest, and notic are hereby waived.

_Alvin L. Hager, Sr_
co-signer

_Janis Sue Harris_ _(BORROWER)_ (SEAL)

_____ (SEAL)
_(SPOUSE)_

8065 Old Cairo Road

West Paducah, KY  42086

A Reamortization Agreement dated January 23, 1997, in the principal sum of $36,750.83, has been given to modify the payment schedule of this note.

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| (1) $400.00 | 11/23/ 8 | (8) $ | | (15) $ | |
| (2) $39,900.00 | 12/06/ 8 | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ 40,300.00 | |

☐U.S. GOVERNMENT PRINTING OFFICE : 1987-754-050/60001

_Position 2_          FmHA 440-16 (Rev. 11-10-75)

07/23/98   15:13   ☎1 502 554 5702      USDA PADUCAH KY                      ☒005

USDA-FmHA
Form FmHA 427-1 KY                                  *Position 5*
(Rev. 8-14-81)                                                                    735

## REAL ESTATE MORTGAGE FOR KENTUCKY

THIS MORTGAGE is ma⌐ and entered into by ___JANIS SUE HARRIS, single___

residing in ____McCRAC EN____ _____ County, Kentucky, whose post office

address is __8065 Old Cair  Road, West Paducah, KY 42086__

herein called "Borrower," and: _____, Kentucky, __42086__

WHEREAS Borrower is i debted to the United States of America, acting through the Farmers Home Administration, United States Department of A  riculture, herein called the "Government," as evidenced by one or more promissory note(s) or assumption agreement(s), he  ein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes accelei  ion of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follow

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 11/23/88 | $40,300.00 | 9.75% | 11/23/2021 |

The interest rate for limit d resource farm ownership or limited resource operating loan(s) secured by this instrument will be increased after 3 years, a rovided in the Farmers Home Administration regulations and the note.

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to th  Consolidated Farm and Rural Development Act, Title V of the Housing Act of 1949 or any other statute administered by th  Farmers Home Adminstration.

And it is the purpose and  ntention of this instrument that, among other things, at all times when the note is held by the Government, or in the event  he Government should assign this instrument without insurance of the note, this instrument shall secure payment of the not  but when the note is held by an insured holder this instrument shall not secure payment of the note or attach to the debt c  .denced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against l  s under its insurance contract by reason of any default by Borrower.

And this instrument also  cures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to  l U.S.C. §1490a.

NOW, THEREFORE, in c  nsideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government sh  ald assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any re  ewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insuranc  or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreem  nt herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any defau  : by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures mad  by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borr  wer contained herein or in any supplementary agreement, Borrower does hereby sell, convey, and assign, with general w  rranty, unto the Government the following property situated in the State of Kentucky.

County(ies) of ____McCra  ken____ _____

A 1.004 acre tract, 292  eet in length and 150 feet wide and more fully described in a plat filed in Plat Book , page 957 in the office of the McCracken County Court Clerk.

Being the same property  onveyed to Janis Sue Harris, single, by deed dated September 29, 1988, and recorded i  Deed Book 718, page 795, in the office of the Clerk of the County Court of McCracke  County, Kentucky.

FmHA 427-1 KY (Rev. 8-14-81)

GOVERNMENT EXHIBIT
B

736

being the same (or part of the same) lan  conveyed*

together with all rights, interests, ease  ients, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and inco  : therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use ther  of, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in  hole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time  wing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-a  of which are herein called "the property";

TO HAVE AND TO HOLD the p  perty unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self  Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Governn  nt against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances  pecified hereinabove, and COVENANTS AND AGREES as follows:

(1)   To pay promptly when due  ny indebtedness to the Government hereby secured and to indemnify and save harm- less the Government against any loss u  der its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an  sured holder, Borrower shall continue to make payments on the note to the Govern- ment, as collection agent for the holder

(2)   To pay to the Government  such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)   If required by the Govern  ient, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and o  er charges upon the mortgaged premises.

(4)   Whether or not the note is  nsured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrowe  and not paid by Borrower when due, as well as any costs and expenses for the pre- servation, protection, or enforcement  f this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note w  ich has the highest interest rate.

(5)   All advances by the Gover  nent as described in this instrument, with interest, shall be immediately due and pay- able by Borrower to the Government  ithout demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government :  all relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the n  c or any indebtedness to the Government secured hereby, in any order the Govern- ment determines.

(6)   To use the loan evidenced l  the note solely for purposes authorized by the Government.

(7)   To pay when due all taxe  liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all cha  es and assessments in connection with water, water rights and water stock pertaining to or reasonably necessary to the use  the real property described above, and promptly deliver to the Government without demand receipts evidencing such paymr  its.

(8)   To keep the property insu  d as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the (  overnment.

(9)   To maintain improvement:  n good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; (  mply with such farm conservation practices and farm and home management plans as the Government from time to time  ay prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered h  reby, or without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other m  erials except as may be necessary for ordinary domestic purposes.

}

07/23/98   15:15   ☎1 502 554 5702        USDA PADUCAH KY                        ☒007

737

(10) To comply with all laws, ordinances, and regulations affecting the property.

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee or beneficiary hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (b) release any party who is liable under the note or for the debt from liability to the Government, (c) release portions of the property and subordinate its lien, and (d) waive any other rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or debt secured by this instrument unless the Government says otherwise in writing, HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should any of the parties named as Borrower die or be declared an incompetent, a bankrupt, or an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) forclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidence by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State law. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, and curtesy.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither the Government nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex or national origin.

(21) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(22) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at 333 Waller Avenue, Lexington, Kentucky 40504, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

07/23/98   15:16   ☎1 502 554 5702      USDA PADUCAH KY                                    ☒008

738

(23)  If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

Given under the hand(s) and seal(s) of Borrower this _____ 23rd _____ day of _____ November _____ , 19 88 .

_____ (SEAL)
JANIS SUE HARRIS

_____ (SEAL)

STATE OF KENTUCKY          }
                            } ss:
COUNTY OF __McCRACKEN__     }

Before me, _____ , a Notary Public in and for

~~the County of~~ Kentucky State at Large _____ personally appeared __Janis Sue Harris, single__

XXXXXXXXXXXXXXXXXXXXXXXXXX  XXXXXXXXXXand XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~his wife,~~

who acknowledged that they executed the foregoing instrument on the _____ 23rd _____

day of _____ November _____ , 19 88 , as their free act and deed.

WITNESS my hand and official seal this _____ 23rd _____ day of _____ November _____ , 19 88

(SEAL)                                          _____
My commission expires: __1-12-91__             KENTUCKY STATE AT LARGE              Notary Public

## PREPARER'S STATEMENT

The form of this instrument was drafted by the Office of the General Counsel of the United States Department of Agriculture, and the material in the blank spaces in the form was inserted by or under the direction of

____Thomas J. Keuler_____
                     (name)

____Denton & Keuler, P. O. Box 929, Paducah, KY 42002-0929
                     (address)
                     Thomas J. Keuler
                     Thomas J. Keuler                                        (Signature)

## RECORDER'S CERTIFICATE

STATE OF KENTUCKY          }
                            } ss:
COUNTY OF __McCracken__     }

I, __Martha Nell Bradford_____ , Clerk of the County Court for the County aforesaid, do certify

that the foregoing mortgage was on the _____ 23rd _____ day of _____ November _____ , 19 88 , lodged for record

at __4:20__ o'clock __P.__ M., whereupon the same, with the foregoing and this certificate, have been duly recorded in my office.
in Mtg. Book 442, Pg 735
Given under my hand this _____ 23rd _____ day of _____ November _____ , 19 88 .

                                          MARTHA NELL BRADFORD
                                          Clerk of _____ McCracken _____ County Court
                                          By _____ , D.C.

U.S GOVERNMENT PRINTING OFFICE 828-035

Recorded Mtg Book 442 Page 735

FmHA Instruction 1951-I
Exhibit A

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

Subsidy Repayment Agreement

Date of Note _11/23/88_ Amount of Note $40,300.00 Date of mortgage _11/23/88_____

Date of Note _____ Amount of Note _____ Date of mortgage _____

Type of assistance:    RH              1. Interest credit /X /
                                       2. Homeownership Assistance
                                          Program  /   /

Address of Property: 8065 Cairo Rd._____

              West Paducah, KY  42086

        BORROWER:     Janis Sue Harris

        CO-BORROWER:


1    This agreement entered into pursuant to 7 CFR 1951-I, between the United
States of America, acting through the Farmers Home Administration (FmHA)
(herein called "the Government") pursuant to section 521 of Title V of the
Housing Act of 1949 and the borrower(s) whose name(s) and address(es) appears
above (herein sometimes referred to as "borrower"), supplements the note(s)
from borrower to the Government as described above, and any promissory
note(s) for loans made to borrower in the future by the Government.
Such future notes, when executed, will be listed below the signature line
of this Subsidy Repayment Agreement.

2    I (we) agree to the conditions set forth in this agreement for the
repayment of the subsidy granted me (us) in the form of interest credits
or Homeownership Assistance Program (HOAP) subsidy (hereinafter called
"subsidy").

3    I (we) agree that the real property described in the mortgage(s)
listed above is pledged as security for repayment of the subsidy received
or to be received.  I (we) agree that the subsidy is due and payable upon
the transfer of title or non-occupancy of the property by me (us).  I
(we) understand that the real estate securing the loan(s) is the only
security for the subsidy received.  I (we) further understand that I (we)
will not be required to repay any of the subsidy from other than the value
(as determined by the Government) of the real estate, mortgaged by myself
(ourselves) in order to obtain a Section 502 Rural Housing (RH) loan.


(9-27-79)  SPECIAL PN

GOVERNMENT EXHIBIT C

FmHA Instruction 1951-I
Exhibit A
Page 2

4    I (we) understand that so long as I (we) continue to own the property and occupy the dwelling as my (our) residence, I (we) may repay the principal and interest owed on the loan and defer repaying the subsidy amount until title to the property is conveyed or the dwelling is no longer occupied by me (us). If such a request is made, the amount of subsidy to be repaid will be determined when the principal and interest balance is paid. The mortgage securing the FmHA RH loan(s) will not be released of record until the total amount owed the Government has been repaid.

5    I (we) agree that Paragraph 6 of this agreement is null and void should the property described in the mortgage(s) be voluntarily conveyed to the Government or liquidated by foreclosure.

6    When the debt is satisfied by other than voluntary conveyance of the property to the Government or by foreclosure, I (we) agree that sale proceeds will be divided between the Government and me (us) in the following order:

(a) Unpaid balance of loans secured by a prior mortgage as well as real estate taxes and assessments levied against the property which are due will be paid.

(b) Unpaid principal and interest owed on FmHA RH loans for the property and advances made by FmHA which were not subsidy and are still due and payable will be paid to the Government.

(c) I (we) will receive from the sale proceeds actual expenses incurred by me (us) necessary to sell the property. These may include sales commissions or advertising cost, appraisal fees, legal and related costs such as deed preparation and transfer taxes. Expenses incurred by me (us) in preparing the property for sale are not allowed unless authorized by the Government prior to incurring such expenses. Such expenses will be authorized only when FmHA determines such expenses are necessary to sell the property, or will likely result in a return greater than the expense being incurred.

(d) I (we) will receive the amount of principal paid off on the loan calculated at the promissory note interest rate.

(e) Any principal reduction attributed to subsidized interest calculations will be paid to the Government.

(f) I (we) will receive my original equity which is the difference between the market value of the security, as determined by the FmHA appraisal at the time the first loan subject to recapture of subsidy was made, and the amount of the FmHA loan(s) and any prior lien. This amount is ___$5,000.00___ and represents ___2%___ percent of the market value of the security. (The

FmHA Instruction 1951-I
Exhibit A
Page 3

percent is determined by dividing my (our) original equity by
the market value of the security when the loan was closed.)  The
dollar amounts and percent will be entered at the time this agreement
is signed by me (us) and will be part of this agreement.

(g)  The remaining balance, after the payments described in (a) thru (f)
above have been paid is called value appreciation.  The amount of
value appreciation to be paid to the Government, in repayment or
the subsidy granted, is the lesser of (1) the full amount of the subsidy or
(2) an amount determined by multiplying the value appreciation by the
appropriate factor in the following table.

Average interest rate paid by me (us)

| No. of Months the Loan was Outstanding | 1% or Less | 1.1 to 2% | 2.1 to 3% | 3.1 to 4% | 4.1 to 5% | 5.1 to 6% | 6.1 to 7% | 7.1 or greater |
|---|---|---|---|---|---|---|---|---|
| 0 to 59 | .78 | .68 | .60 | .51 | .44 | .32 | .22 | .11 |
| 60 to 119 | .75 | .66 | .58 | .49 | .42 | .31 | .21 | .11 |
| 120 to 179 | .73 | .63 | .56 | .48 | .40 | .30 | .20 | .10 |
| 180 to 239 | .65 | .56 | .49 | .42 | .36 | .26 | .18 | .09 |
| 240 to 299 | .59 | .51 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 to 359 | .53 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 to 396 | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

(h)  I (we) will receive the amount of value appreciation less the
amount paid the Government as determined in (g) above.  I (we) will
also receive an additional amount in proportion to my original equity
by reducing the amount of value appreciation due to the Government by
the percent of my (our) original equity as shown in (f) above.

(i)  If I (we) am the recipient of HOAP, the amount of value appreciation
to be recaptured will be calculated as if I (we) had paid 1 percent
interest on the loan, unless the average interest rate paid by me (us)
was greater than 1 percent.  In such cases it will be determined based
on the average interest rate paid by me (us).

(j)  If this agreement is for a subsequent loan(s) only, the amount
of repayment determined in (g) above will be reduced by the following
percent:___N/A___.  This percent will be determined by dividing the
amount of the loan(s) subject to recapture by the total outstanding
RH debt.  This percentage will be entered at the time I (we) sign this
agreement.

(k)  If this agreement is for more than one loan that is subject to
recapture, the subsidy repayment computations will be based on the total
subsidy granted on all loans.

(8-17-79)   SPECIAL PN

FmHA Instruction 1951-I
Exhibit A
Page 4

7      When a FmHA RH loan is repaid by other than foreclosure, voluntary
conveyance, or sale of property, the amount of subsidy to be repaid the
Government will be determined in the same manner as described in paragraph
6 of this Exhibit but based on the appraised value determined by FmHA
instead of sales price.  In such cases, the subsidy due the Government
will remain a lien on the property until paid.  It must be paid upon non
occupancy, sale, or transfer of title to the property.

8      I (we) have read and agree to the provisions of this agreement.

_____   Borrower
Janis Sue Harris

_____   Co-Borrower

_____11/23/88_____
        Date signed


Accepted and Agreed to
By  _____   (FmHA Official)
        Bruce D. Partin
    County Supervisor             (Title)

_____11/23/88_____
        Date


oOo

USDA-FmHA
Form FmHA 452-2
(4-17-78)

# REAMORTIZATION and/or DEFERRAL AGREEMENT

| BORROWER CASE NUMBER | | | FUND CODE | LOAN NUMBER | EFFECTIVE DATE OF REAMORTIZATION | | |
|---|---|---|---|---|---|---|---|
| St. | Co. | Borrower ID | | | Month | Day | Year |
| 20 | 73 | ▊▊▊▊ | 46 | 01 | 01 | 23 | 97 |

The United States of America, acting through the Farmers Home Administration, United States Department of Agriculture (called the "Government"), is the owner and holder of a promissory note or assumption agreement (new terms)

in the principal sum of _FORTY THOUSAND THREE HUNDRED EIGHTEEN AND_ 91/100 Dollars ($ 40,318.91 ),

plus interest on the unpaid principal of _NINE AND THREE FOURTHS_ percent (9.75 %) per year, which was made or assumed by

_Janis Sue Harris_ ~~X&X~~

(called "I/We"), dated _November 23_ , 19 88 , and payable to the order of the Government. The

unpaid principal balance (including advances) is $ 36,725.31 . The accrued interest to date is

$ 25.52 . The total debt to date is $ 36,750.83 , which now is principal.

Because one or more of the conditions set forth in Farmers Home Administration regulations have been met for obtaining a reamortization or deferral of the debt, the Government agrees to grant this reamortization or deferral of said loan and I/we agree to make payments using one of two alternatives as indicated below:  (check one)

[X]   A.   Reamortization

(1)   The first installment in the amount of $ 328.00 , will be due and payable on

_February 23_ , 19 97 .

(2)   Thereafter, regular installments, each in the amount of $ 328.00 , will be due and

payable on the 23rd of each MONTH until the principal and interest are paid, except that the final installment of the entire debt, if not paid sooner, will be due and payable on

_November 23, 2021_ , .

[ ]   B.   Deferral and Reamortization

Installments shall be deferred as indicated in the table below. All unpaid interest accrued to ,

19 shall be added to the principal. The new installment schedule will be as follows:

$ on , 19

$ on , 19

$ on , 19

$ on , 19

$ on , 19

$ on , 19

and $ thereafter on the 1st of January of each year until the principal and interest are paid, except that the final installment of the entire debt, if not paid sooner, will be due and payable on

, .

*Processed IM */NO*
*1-27-97 #567*
*909*

*Position 2*

Form FmHA 452-2 (4-17-78)

GOVERNMENT EXHIBIT D

Nothing in this agreement affects any of the terms or conditions of the note or assumption agreement, or the instruments securing it, other than the payment schedule (which includes the due date of the final installment).

Upon default in the payment of any one of the above installments or in case of a failure to comply with any of the conditions and agreements contained in the above-described note or assumption agreement or the instruments securing it, the Government at its option may declare the entire debt immediately due and payable and may take any other action authorized therein.

Janis Sue Harris _____ *(Borrower)*

January 23, 1997
_____
*(Date)*

_____ *(Borrower)*

UNITED STATES OF AMERICA
FARMERS HOME ADMINISTRATION

By _____
   Joni J. Jordan
Title Community Development Specialist

Date _____ January 23, 1997 _____

U.S.GPO:1978-0-765-093/1756

# CIVIL COVER SHEET

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**DEFENDANTS**
CANDANCE M. ROSE, ET AL.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   MCCRACKEN
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☑ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☑ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 895 Freedom of Information Act |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. SECTION 1345
Brief description of cause:
RURAL HOUSING SERVICE (RHS) f/k/a FARMERS HOME ADMINISTRATION (FmHA) FEDERAL FORECLOSURE

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $61,506.13
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 7/15/2020

SIGNATURE OF ATTORNEY OF RECORD
s/ William F. Campbell

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# United States District Court

_____**WESTERN**_____ **DISTRICT OF** _____**KENTUCKY**_____

**AT PADUCAH**

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**v.**

Candance M. Rose, et al.

**TO:**   (Name & Address of Defendant)

CANDANCE M. ROSE
as heir of JANIS SUE HARRIS
224 Locust Grove Road
Murray, KY 42071

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY 40202

an answer to the complaint which is herewith served upon you, within _____twenty-one (21)_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____

**CLERK**

_____

**DATE**

_____

**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me [1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐    Served personally upon the defendant.  Place where served:

_____

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐    Returned unexecuted:

_____
_____
_____

☐    Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on   _____

                    Date                            Signature of Server

---

[1]    **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

_____**WESTERN**_____**DISTRICT OF**_____**KENTUCKY**_____
**AT PADUCAH**

United States of America                    **SUMMONS IN A CIVIL CASE**

                                            CASE NUMBER:

                    **v.**

Candance M. Rose, et al.

     **TO:**     (Name & Address of Defendant)

          TERRY JASON HARRIS
          also known as TERRY HARRIS,
          as heir of JANIS SUE HARRIS
          8125 Cairo Road, Unit OLD
          West Paducah, KY 42086

     **YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

          William F. Campbell
          Assistant U.S. Attorney
          United States Attorney's Office
          717 West Broadway
          Louisville, KY 40202

an answer to the complaint which is herewith served upon you, within _____twenty-one (21)_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____                    _____
**CLERK**                                            DATE

_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐    Served personally upon the defendant.  Place where served:
_____

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and

discretion then residing therein.  Name of person with whom the summons and complaint were left:
_____
_____

☐    Returned unexecuted:
_____
_____
_____

☐    Other (specify):
_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on    _____    _____
                     Date                                  Signature of Server

---

[1]    **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

_____**WESTERN**_____**DISTRICT OF**____**KENTUCKY**_____
**AT PADUCAH**

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**v.**

Candance M. Rose, et al.

**TO:**   (Name & Address of Defendant)

MELINDA ELLEN HARRIS,
spouse of TERRY JASON HARRIS
8125 Cairo Road, Unit OLD
West Paducah, KY 42086

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY 40202

an answer to the complaint which is herewith served upon you, within _____twenty-one (21)_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____          _____
**CLERK**                                                                                   DATE

_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐    Served personally upon the defendant.  Place where served:

_____

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐    Returned unexecuted:

_____
_____
_____

☐    Other (specify):

_____
_____
_____

---

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on _____        _____
               Date                                 Signature of Server

---

[1]    **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

_____ __WESTERN__ _____ __DISTRICT OF__ _____ __KENTUCKY_____
AT PADUCAH

United States of America                                    **SUMMONS IN A CIVIL CASE**

                                                             CASE NUMBER:

                              **v.**

Candance M. Rose, et al.


**TO:**     (Name & Address of Defendant)

         BRIAN K. ROSE,
         spouse of CANDANCE M. ROSE
         224 Locust Grove Road
         Murray, KY 42071


     **YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)


              William F. Campbell
              Assistant U.S. Attorney
              United States Attorney's Office
              717 West Broadway
              Louisville, KY 40202


an answer to the complaint which is herewith served upon you, within _____twenty-one (21)_____ days after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against
you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.


_____                    _____
**CLERK**                                                  DATE


_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me [1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐   Served personally upon the defendant.  Place where served:
_____

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and

discretion then residing therein.  Name of person with whom the summons and complaint were left:
_____
_____

☐   Returned unexecuted:
_____
_____
_____

☐   Other (specify):
_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on    _____     _____
                       Date                          Signature of Server

---

[1]   **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**